## WOLF v. BROCK ET AL.

[No. 15,768. Filed October 13, 1936. Rehearing denied January 19, 1937.]

*Hottel, Mote & Smith,* for appellant.

*Stotsenberg, Weathers, Minton & Phillips,* for appellees.

CURTIS, J.—This is an appeal from an award of compensation by the full Industrial Board in favor of the appellees Jarvey H. Brock and Sallie F. Brock on account of the death of their son Frank Brock upon whom they were dependent at the time of his death which occurred while he was employed by the appellant and which death arose out of and in the course of his said employment.

The appellees Joseph S. Morgan and Ivan C. Morgan were ordered made parties defendant by the Industrial Board upon the appellant's motion therefor. To the application for compensation the appellant filed a special answer. The finding of the Board was against the appel-

lant upon the special answer and since no question is presented by the appellant as to such finding we do not deem it necessary to set out the said answer or to discuss it further. That part of the finding and award which we deem necessary to set out as a basis for this opinion is as follows:

"And the Full Industrial Board now finds that on May 18, 1935, while in the employ of the defendant, Ben H. Wolf, one Frank Brock suffered an injury as the result of an accident arising out of and in the course of his employment of which the defendant, Wolf, had knowledge; that as a result of said accidental injury the said Frank Brock died on the same day.

It is further found that the said Frank Brock had taken employment with the defendant, Ben H. Wolf, on May 17, 1935.

It is further found that the average weekly wage of one engaged in the same line of employment as that followed by the said Frank Brock at the time of his injury and death was $26.00.

It is further found that for several years preceding the date of his death the said Frank Brock was employed at work other than that in which he was engaged at the time of his death and that in such employment his wages were $20.00 a month and found, and that the said Frank Brock quit this employment on March 31, 1935, and was unemployed up to the time of his taking employment with defendant Ben H. Wolf, on May 17, 1935; that for more than a year preceding March 31, 1935, the said Frank Brock had contributed an average of $15.00 a month to plaintiffs herein, Jarvey H. Brock, his father, and Sallie F. Brock, his mother, who depended upon these contributions in part for their maintenance and support.

It is further found that defendant has not paid the statutory $100.00 burial expense.

It is further found that this complaint as against the defendants, Joseph S. Morgan and Ivan C. Morgan, doing business as Morgan Packing Company, should be dismissed.

## AWARD

It is therefore considered and ordered by the Full Industrial Board of Indiana that there is awarded

plaintiffs herein, Jarvey H. Brock, father, and Sallie F. Brock, mother, of the said Frank Brock, compensation at the rate of $3.46 a week, in equal shares, during the period of their dependency, but not exceeding three hundred weeks as to time.

It is further ordered that defendant shall pay the statutory $100.00 burial expense.

It is further found that this complaint as against Joseph S. Morgan and Ivan C. Morgan, doing business as Morgan Packing Company, should be and the same is hereby dismissed.

It is further ordered that the defendant pay costs of this proceeding."

Among other errors assigned by the appellant he says, "That the award of the Full Industrial Board is contrary to law." This assignment is sufficient to present all questions sought to have reviewed. The appellant does not question the ruling of the board in dismissing the application as to Morgan and Morgan and no further notice will be taken of that action.

The attack of the appellant centers around his contentions that the Board erroneously found that one engaged in the same line of employment as the employee at the time of the injury and death was earning an average weekly wage of $26.00 and that the Board erroneously found that the said father and mother were dependents and that even if they were dependents the amount of the award was too large. As we view the evidence it abundantly sustains the board in its entire finding. There was certainly some competent evidence to sustain each element of the finding of the board.

It is elementary and needs no citation of authority to the proposition that this court will not disturb a finding of the board upon a question of fact when there is some competent evidence to sustain the finding. The award is affirmed with the usual 5% statutory penalty.

Award affirmed.